Hearing Date and Time: March 27, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: March 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Nicholas P. Crowell
Alex Kaplan

Attorneys for BlackRock Mortgage Investors Master Fund, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
In re:                                                                  :   Chapter 11
                                                                        :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,                                  :   (Jointly Administered)
                                                                        :
                Debtors.                                                :
------------------------------------------------------------------------x
LEHMAN BROTHERS SPECIAL FINANCING INC.,                                 :
                                                                        :
                Plaintiff,                                              :
                                                                        :
        -against-                                                       :   Adversary Proceeding
                                                                        :   No.: 09-01032 (SCC)
BALLYROCK ABS CDO 2007-1 LIMITED; WELLS                                 :
FARGO BANK, N.A., as Trustee; BARCLAYS BANK,                            :
PLC, as owner of beneficial interests in the Senior Notes;              :
LONG ISLAND INTERNATIONAL LIMITED, as owner                             :
of beneficial interests in the Senior Notes; LONG HILL                  :
2006-1 LTD., as owner of beneficial interests in the Senior             :
Notes; BLACKROCK MORTGAGE INVESTORS                                     :
MASTER FUND, L.P., as owner of beneficial interests in                  :
the Senior Notes,                                                       :
                Defendants.                                             :
------------------------------------------------------------------------x

US_ACTIVE:\44410828\3\58399.0011

**NOTICE OF JOINT MOTION OF LEHMAN BROTHERS
HOLDINGS INC. AND BLACKROCK MORTGAGE INVESTORS
MASTER FUND, L.P. FOR RELEASE OF BLACKROCK INTERPLEADED
FUNDS TO LEHMAN BROTHERS SPECIAL FINANCING INC.**

PLEASE TAKE NOTICE that a hearing on the Joint Motion of Lehman Brothers Holdings Inc. ("LBHI") and BlackRock Mortgage Investors Master Fund, L.P. for Release of BlackRock Interpleaded Funds to Lehman Brothers Special Financing Inc., dated March 10, 2014 (the "Motion"), will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York 10004, on **March 27, 2014 at 10:00 am (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard W. Slack, Esq., attorneys for LBHI and certain of its affiliates; (iii) Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Nicholas P. Crowell, Esq. and Alex Kaplan, Esq., attorneys for BlackRock Mortgage Investors Master Fund, L.P.; (iv) the Office of the United

States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (v) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the litigation subcommittee of the Official Committee of Unsecured Creditors; and (vi) all counsel of record in the captioned adversary proceeding, so as to be so filed and received by no later than **March 20, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

    PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: March 10, 2014
      New York, New York

/s/ Richard W. Slack
Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

/s/ Nicholas P. Crowell
Nicholas P. Crowell
Alex Kaplan
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Attorneys for Black Rock Mortgage Investors
Master Fund, L.P.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY  10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Nicholas P. Crowell
Alex Kaplan

Attorneys for BlackRock Mortgage Investors Master Fund, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re: | : | Chapter 11 |
| | : | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | |
| ------------------------------------------------------------x | | |
| LEHMAN BROTHERS SPECIAL FINANCING INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | Adversary Proceeding |
| | : | No.: 09-01032 (SCC) |
| BALLYROCK ABS CDO 2007-1 LIMITED; WELLS FARGO BANK, N.A., as Trustee; BARCLAYS BANK, PLC, as owner of beneficial interests in the Senior Notes; LONG ISLAND INTERNATIONAL LIMITED, as owner of beneficial interests in the Senior Notes; LONG HILL 2006-1 LTD., as owner of beneficial interests in the Senior Notes; BLACKROCK MORTGAGE INVESTORS MASTER FUND, L.P., as owner of beneficial interests in the Senior Notes, | : | |
| Defendants. | : | |
| ------------------------------------------------------------x | | |

**JOINT MOTION OF LEHMAN BROTHERS HOLDINGS
INC. AND BLACKROCK MORTGAGE INVESTORS MASTER
FUND, L.P. FOR RELEASE OF BLACKROCK INTERPLEADED FUNDS
TO LEHMAN BROTHERS SPECIAL FINANCING INC.**

## TABLE OF CONTENTS

Background ........................................................................................................................1

Relief Requested ................................................................................................................3

Jurisdiction .........................................................................................................................4

The Ballyrock Interpleaded Funds
Should Be Released from Interpleader ..............................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Texaco, Inc. v. Ponsoldt*,
    118 F.3d 1367 (9th Cir. 1997) ...................................................................................................5

*White v. FDIC*,
    19 F.3d 249 (5th Cir. 1994) .......................................................................................................5

**Statutes**

28 U.S.C. § 157....................................................................................................................................4

28 U.S.C. § 1334..................................................................................................................................4

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of Lehman Brothers Special Financing Inc. ("LBSF"), and BlackRock Mortgage Investors Master Fund, L.P. ("BlackRock"), by and through their undersigned counsel, hereby jointly bring this motion (the "Motion") for the release of the BlackRock Interpleaded Funds (as defined below) to LBSF, and respectfully represent as follows:

**Background**

1. This adversary proceeding involves a dispute over hundreds of millions of dollars that the Ballyrock ABS CDO 2007-1 Limited special purpose vehicle ("Ballyrock") possessed at the time of the commencement of the chapter 11 cases of LBSF and LBHI.

2. In July 2007, LBSF and Ballyrock entered into a Master Agreement governing a credit default swap pursuant to which LBSF paid periodic premiums to Ballyrock and, subject to the terms of the Master Agreement, Ballyrock agreed to pay LBSF if losses were incurred on certain underlying assets, including mortgage-backed securities.

3. As a result of the commencement of LBHI's chapter 11 case, Wells Fargo Bank, N.A., in its capacity as trustee (the "Trustee"), delivered a Notice of Event of Default and Designation of Early Termination date to LBSF on September 16, 2008. On September 19, 2008, Ballyrock delivered a Notice of Amount Payable to LBSF, stating that "This letter comprises our notice of the amount owing pursuant to Section 6(e)(i)(3) of the Mater Agreement" and attaching a spreadsheet showing that amount to be over $400 million. Instead of paying any of those monies to LBSF, the Trustee instead—acting under a Payment Priority

Exchange contained in the Indenture—distributed approximately $189 million to Ballyrock investors (the "<u>Noteholders</u>") and expressed its intent to distribute the remaining $137 million left in Ballyrock to certain Noteholders on February 6, 2009.

4. On February 3, 2009, LBSF filed this adversary proceeding to, among other things, halt any further distributions to the Noteholders.

5. In its Answer and Complaint in Interpleader [ECF No. 3], the Trustee disclaimed any interest in this dispute or in the $137 million left in Ballyrock, and sought to interplead those funds (the "<u>Interpleaded Funds</u>"). After a hearing, the Court ordered the Trustee to provide a notice of this dispute and of the Trustee's motion for interpleader to all Noteholders. The notice required claimants to file a notice of appearance by May 19, 2009 or risk forfeiting claims to any funds in dispute. *See* Order Granting Preservation of Status Quo for Disputed Funds, Notice of Interpleader Request and Payment of Trustee Fees [ECF No. 18] ("<u>Interpleader Notice Order</u>") ¶ 2.

6. On June 3, 2009, the Court granted the Trustee's motion for interpleader, finding that "notice . . . was due and proper, and no further notice [was] necessary under the circumstances," and that "[g]ood cause exist[ed] to grant the interpleader requested by the Trustee." Order Granting Interpleader to Wells Fargo, N.A. for Disputed Funds [ECF No. 27] (the "<u>Interpleader Order</u>") ¶¶ A, D. The Court ordered the Trustee to maintain the Interpleaded Funds in an escrow account pending the Court's ultimate determination of "*all* . . . rights to [the Interpleaded Funds]." *Id*. ¶ 2 (emphasis added). The Court mandated: "*All* parties that claim an interest with respect to the Disputed Funds now held or to be held in the Interpleader Escrow, *shall* interplead and settle in this Court *all* claims and rights to such Disputed Funds . . . ." *Id*. ¶ 1 (emphasis added). The Court took exclusive jurisdiction with respect to the Interpleaded Funds. *Id*. ¶¶ 1-4.

2

7. Barclays Bank, PLC, Long Island International Limited, Long Hill 2006-1 Ltd, and Black Rock (collectively, the "Party Noteholders") filed notices of appearance [ECF Nos. 19-22]. No other person or Noteholder elected to participate in the adversary proceeding or make a claim to the Interpleaded Funds.

8. At the time of the interpleader and their entry into this case, the Party Noteholders together had claims to approximately $92.6 million of the $137 million in the Interpleaded Funds. Over time, the value of the Interpleaded Funds has grown to over $137 million due to the accrual of interest in the escrow account containing the Interpleaded Funds. According to information from the Trustee, BlackRock has claims to $23,379,500 of the Interpleaded Funds, plus the interest accrued in the escrow account associated with those claims in the amount of $157,791.41, for a total of $23,537,291.41 (the "BlackRock Interpleaded Funds"). Neither of the other Party Noteholders, nor any other person aside from LBSF has made a claim to the BlackRock Interpleaded Funds.

9. On March 4, 2014, LBSF and BlackRock entered into a settlement agreement and release to resolve all of their respective claims vis-à-vis one another in this proceeding (the "Settlement"). Among other things, LBSF and BlackRock agreed that LBSF and BlackRock would jointly file this Motion and LBSF would receive the BlackRock Interpleaded Funds from the escrow account.

**Relief Requested**

10. By this Motion, LBSF and BlackRock seek the release of the BlackRock Interpleaded Funds to LBSF, funds to which no person other than LBSF and BlackRock filed a timely claim and which, now that LBSF and BlackRock have settled their dispute, are not subject to dispute in the above-captioned interpleader.

3

11. As a result of the Settlement, LBSF's right to the BlackRock Interpleaded Funds does not depend on the outcome of this litigation. The BlackRock Interpleaded Funds have not been timely claimed by any other party besides LBSF and BlackRock and will initially flow to LBSF according to the express terms of the Settlement.

12. Releasing the BlackRock Interpleaded Funds to LBSF now is an essential component of the Settlement and is necessary to effectuate the Settlement, which resolves a significant portion of this adversary proceeding to the benefit of BlackRock, LBSF, and LBSF's creditors. In addition, granting this Motion will aid in judicial efficiency, by releasing a significant portion of the funds currently held in escrow and providing the parties and Court certainty concerning the precise amounts remaining in dispute.

13. Accordingly, in this Motion, and for the reasons set forth more fully below, LBSF and BlackRock request the immediate release of the BlackRock Interpleaded Funds to LBSF.

## Jurisdiction

14. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## The BlackRock Interpleaded Funds Should Be Released from Interpleader

15. As a result of the Settlement, the BlackRock Interpleaded Funds are no longer in dispute because only LBSF and BlackRock made timely claims to such amounts. Any other persons, all of whom failed to make a timely claim to the BlackRock Interpleaded Funds, including any other Noteholders, have no basis to oppose LBSF's or BlackRock's claims to the BlackRock Interpleaded Funds. Any such challenge would undermine this Court's exclusive authority over the Interpleaded Funds, contravene several orders of this Court, and inequitably prejudice the parties who have relied on these orders throughout this litigation and in connection

4

with entering into the Settlement. *See* Interpleader Notice Order (ordering any parties with an interest in the dispute to step forward and assert their claims); Interpleader Order (confirming exclusivity of this Court's jurisdiction and of the interpleader remedy being granted). Thus, the BlackRock Interpleaded Funds need not be held in interpleader any longer and should be distributed to LBSF in accordance with the Settlement.

16. Under well-established law, claims to any funds in interpleader are crystallized as of the moment the interpleader remedy is granted, and, conversely, claims not asserted timely are forfeited. As the Second Circuit held in *Avant Petroleum, Inc. v. Banque Paribas*, courts should look to "the rights of the claimants as of the time the interpleader fund is deposited with the court." 853 F.2d 140, 143 (2d Cir. 1988) ("A claim not existing at the time the fund was created thus could not take precedence over preexisting claims"). In *Avant*, the respective positions of the parties were frozen as of the date interpleader was granted despite the fact that a security interest had later been allowed to lapse, and a strict application of the UCC would have excluded the claim of the party that otherwise prevailed. The Second Circuit affirmed that the district court "did not err in focusing on the time at which the funds were deposited with the court and determining the relative rights of the parties as of that time." *Id.* at 142. Numerous other courts have followed the approach taken in *Avant*. *See, e.g., Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1371 (9th Cir. 1997) ("We begin with the proposition that the general purpose of an interpleader action is to decide the validity and priority of *existing claims* to a res."); *White v. FDIC*, 19 F.3d 249, 251-52 (5th Cir. 1994) (following "*ratio legis*" of *Avant*).

17. As courts have uniformly recognized, the entire interpleader procedure is rendered meaningless if post-interpleader jockeying can radically transform the amounts actually in dispute and the parties' respective entitlements to payment. LBSF and BlackRock have in

5

good faith participated in these proceedings and settled their disputes with one another in reliance on the Interpleader Order. Both fairness and efficiency dictate that LBSF's and BlackRock's reliance not be undermined.

18. Accordingly, pursuant to the Settlement, the BlackRock Interpleaded Funds should be released from escrow and paid to LBSF.

19. No previous request for the relief sought herein has been made by LBSF or BlackRock to this or any other court.

WHEREFORE LBSF and BlackRock respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 10, 2014
New York, New York

/s/ Richard W. Slack
Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

/s/ Nicholas P. Crowell
Nicholas P. Crowell
Alex J. Kaplan
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Attorneys for BlackRock Mortgage Investors
Master Fund, L.P.

Proposed Order

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Nicholas P. Crowell
Alex Kaplan

Attorneys for BlackRock Mortgage Investors Master Fund, L.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
: 
In re:                                                              :   Chapter 11
                                                                    :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,                              :   (Jointly Administered)
                                                                    :
                         Debtors.                                   :
------------------------------------------------------------------------x
LEHMAN BROTHERS SPECIAL FINANCING INC.,                             :
                                                                    :
                         Plaintiff,                                 :
                                                                    :
            -against-                                               :   Adversary Proceeding
                                                                    :   No.: 09-01032 (SCC)
BALLYROCK ABS CDO 2007-1 LIMITED; WELLS                             :
FARGO BANK, N.A., as Trustee; BARCLAYS BANK,                        :
PLC, as owner of beneficial interests in the Senior Notes;          :
LONG ISLAND INTERNATIONAL LIMITED, as owner                         :
of beneficial interests in the Senior Notes; LONG HILL              :
2006-1 LTD., as owner of beneficial interests in the Senior         :
Notes; BLACKROCK MORTGAGE INVESTORS                                 :
MASTER FUND, L.P., as owner of beneficial interests in              :
the Senior Notes,                                                   :
                         Defendants.                                :
------------------------------------------------------------------------x

**ORDER GRANTING JOINT MOTION OF LEHMAN
BROTHERS HOLDINGS INC. AND BLACKROCK MORTGAGE
INVESTORS MASTER FUND, L.P. FOR RELEASE OF BLACKROCK
INTERPLEADED FUNDS TO LEHMAN BROTHERS SPECIAL FINANCING INC.**

Upon consideration of the Joint Motion of Lehman Brothers Holdings Inc. and BlackRock Mortgage Investors Master Fund, L.P. for Release of BlackRock Interpleaded Funds to Lehman Brothers Special Financing Inc., dated March 10, 2014 [ECF No. __] (the "Motion");[1] and upon consideration of any responses thereto; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Case No. 08-13555; ECF No. 9635]; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion on April 24, 2014; and the Court having determined that the legal and factual bases set forth in the record establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that Wells Fargo Bank, N.A., as Trustee, distribute to Lehman Brothers Special Financing Inc. the amount of $23,537,291.41 from the Interpleaded Funds, as defined in the Motion, within ten (10) business days of entry of this Order; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2014
      New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE