Casey B. Howard
LOCKE LORD LLP
Three World Financial Center
New York, New York 10281
212.812.8342
*Attorneys for Wells Fargo Bank, N.A. as Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* Debtors. | Case No. 08-13555 (JMP) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| LEHMAN BROTHERS SPECIAL FINANCING INC. Plaintiff, | |
| -against- | Adversary Proceeding No.: 09-01032 (JMP) |
| BALLYROCK ABS CDO 2007-1 LIMITED; WELLS FARGO BANK, N.A. as Trustee; BARCLAYS BANK, PLC, as owner of beneficial interests in the Senior Notes; LONG ISLAND INTERNATIONAL LIMITED, as owner of beneficial interests in the Senior Notes; LONG HILL 2006-1 LTD., as owner of beneficial interests in the Senior Notes; BLACKROCK MORTGAGE INVESTORS MASTER FUND, L.P., as owner of beneficial interests in the Senior Notes Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**WELLS FARGO BANK, N.A., AS TRUSTEE'S RESPONSE TO**
**LEHMAN AND BLACKROCK'S JOINT MOTION FOR**
**RELEASE OF INTERPLEADED FUNDS**

Wells Fargo Bank, National Association, as trustee (the "Trustee") under an Indenture

(the "Indenture"), dated July 12, 2007, among Ballyrock ABS CDO 2007-1 Limited

("Ballyrock") as Issuer, Ballyrock ABS CDO 2007-1 Inc. ("Ballyrock, Inc.") as Co-Issuer and

the Trustee, by and through its attorneys, Locke Lord LLP, hereby responds (the "Response") to

Lehman Brothers Special Financing Inc. ("LBSF") and BlackRock Mortgage Investors Master Fund, L.P.'s ("BlackRock's") Joint Motion for Release of BlackRock Interpleaded Funds to Lehman Brothers Special Financing Inc. (the "Motion") as follows:

## RESERVATION OF RIGHTS

By this Court's June 3, 2009 Order (the "Interpleader Order"), Wells Fargo Bank, N.A., as Trustee, was granted interpleader relief, and released and discharged from all liability related to the Disputed Funds (as defined in the Interpleader Order)—approximately $137 million now held in an interpleader escrow account. The Interpleader Order recognized the Trustee's neutral role in this dispute, and this Response does not seek to alter this neutral role. The Trustee continues to reserve all of its rights under the Interpleader Order.

## STATEMENT OF FACTS

This adversary proceeding arises from a credit default swap agreement between LBSF and Ballyrock ABS CDO 2007-1 Limited, entered into on July 12, 2007 (the "Credit Default Swap Agreement"). The Credit Default Swap Agreement is part of a larger complex transaction (the "Ballyrock Transaction"). At the inception and throughout the course of the Ballyrock Transaction, Ballyrock purchased certain underlying assets that were pledged under an indenture by Ballyrock as debtor to the Trustee to secure Ballyrock's obligations to the Secured Parties (the "Collateral"). Ballyrock purchased the Collateral with money received from investors in Ballyrock's Notes (the "Holders") together with LBSF's premium payments.

In order to perfect the security interest granted to the Trustee by Ballyrock, the Collateral was delivered to and held by the Trustee. The Trustee's duties with respect to the Collateral were set forth in a separate, but related, Indenture between the Trustee and Ballyrock, to which LBSF was a third-party beneficiary.

2

On September 15, 2008, LBHI filed its Chapter 11 petition.  Immediately thereafter, on September 16, 2008, the Collateral Manager on behalf of Ballyrock provided notice to LBSF of the event of default and exercised Ballyrock's right to terminate the Credit Default Swap Agreement.  On October 3, 2008, LBSF followed LBHI and filed its own Chapter 11 petition.

Following the termination of the Credit Default Swap Agreement by the Collateral Manager on behalf of Ballyrock, the Collateral Manager on behalf of Ballyrock sold or otherwise liquidated the remaining Collateral resulting in proceeds of approximately $327 million.  The Collateral Manager on behalf of Ballyrock on October 29, 2008 gave notice to the Trustee of certain events and further directed the Trustee to pay Holders in accordance with a specified provision in a section of the Indenture.  (See Indenture, Section 11.1(b)(viii).)  Pursuant to the express terms of the Indenture and to instructions of Ballyrock, on November 6, 2008, the Trustee distributed, as a partial payment on Ballyrock's debt, approximately $189 million of the Collateral Proceeds to the Holders and provided due notice to LBSF.  The Trustee held the remaining Collateral Proceeds, some $137 million, in an Indenture account for distribution on the following payment date, all in strict compliance with the terms of the Indenture.

On February 3, 2009, LBSF commenced this adversary proceeding by filing their Initial Complaint.  The Trustee answered LBSF's Initial Complaint and filed an interpleader counterclaim.  With the consent of LBSF, Ballyrock and the Holders who had thus far appeared in the case, the Court entered the Interpleader Order on or about June 3, 2009, directing the Trustee to maintain the $137 million of remaining Collateral Proceeds in an interpleader escrow account and allowing for payment of Trustee's fees, attorneys' fees and costs associated with its actions in connection with administration of the trust and the adversary proceeding.

3

**RESPONSE TO MOTION**

The Trustee submits the forgoing response to: i) reaffirm its position that the rights created for the Trustee in the Interpleader should be maintained; ii) clarify the Trustee's position with respect to the amount purportedly in dispute between BlackRock and LBSF; and, iii) to request a modification to the Proposed Order submitted with the Joint Motion (the "Proposed Order"), requiring BlackRock and LBSF to cooperate with the Trustee as needed to ensure compliance with any Court order issued, including any subsequent order of the Court to distribute the Interpleaded Funds not claimed by BlackRock.  Assuming BlackRock and LBSF are amenable to this additional language and assuming that the resulting order does not disturb the terms of the Interpleader Order, the Trustee takes no other position as to the affirmative relief sought by LSBF and BlackRock in their Joint Motion.

A.     **The Interpleader Order Stands.**

The Trustee reaffirms its ongoing position that the rights created for the Trustee in the Interpleader Order which, among other things include: an injunction against suit against the Trustee by interested parties pursuant to the terms of paragraphs 3 of the Interpleader Order; a discharge of liability against the Trustee as set forth in paragraph 6 of the Interpleader Order; and, a directive that the Trustee is entitled to continue to recover its fees costs, expenses and reasonable attorneys' fees incurred with the administration of the subject trust and the Adversary Proceeding as set forth in paragraph 5 of the Interpleader Order.

B.     **The Trustee Cannot Confirm the Amount of BlackRock's Claim to the Interpleaded Funds.**

With respect to the amounts at issue in this adversary proceeding between LBSF and BlackRock, in the Joint Motion, BlackRock and LBSF state that, "[a]ccording to information from the Trustee, BlackRock has claims to $23,379,500 of the Interpleaded Funds, plus the interest accrued in the escrow account associated with those claims in the amount of

4

$157,791.41, for a total of $23,537,291.41." (Joint Motion, ¶ 8.) To be clear, the Trustee provided to BlackRock only the total amount in the Interpleader Escrow and the total amount of interest that the Interpleader Escrow has accrued since inception. The Trustee did not and could not make the determination as to how much of the Interpleader Escrow was claimed by BlackRock. Accordingly, the Trustee has no basis to confirm or deny BlackRock's claim to this dollar amount, nor does the Trustee dispute this claim.

**C.      The Trustee Requests that the Proposed Order Include Language Requiring BlackRock and LBSF to Cooperate in Resolving Any Decision On the Merits Requiring Distribution of Funds to Other Note Holders.**

As directed by the Court, the Trustee has maintained the Disputed Funds in the Interpleader Escrow, preserving the fund and reserving all rights and claims thereto, until the Court issues an order instructing the Trustee on how the Disputed Funds shall be distributed. (Interpleader Order ¶ 1.) Upon final judgment determining the respective interests of the Defendants and all other interested persons to the Disputed Funds, the Trustee shall distribute amounts then remaining in the Interpleader Escrow. (Interpleader Order ¶ 3.)

Regardless of whether the Proposed Order from the Joint Motion is granted and whether LBSF and BlackRock have executed a settlement agreement, such settlement will not dictate the rights of the other holders (the "Other Holders") that are not subject to such settlement and resulting order. The Other Holders and BlackRock are purportedly beneficial holders of Ballyrock's Notes; upon information and belief, the Notes in which BlackRock and the Other Holders claim a beneficial interest are held by the Depository Trust Company ("DTC"). Any subsequent order from this Court directing a distribution of any of the remaining Interpleaded Funds to any Holder may require a direct distribution to DTC, who will then distribute such funds proportionately to each of the beneficial holders, including Blackrock to the extent that DTC's records continue to reflect BlackRock's beneficial interest in such Notes. Accordingly,

5

the Trustee asks that any proposed order directing the distribution of any assets from the Interpleader Escrow include the following language:  "In the event any distribution to the Ballyrock Note Holders is ordered by this Court, BlackRock and LBSF must cooperate with the Trustee in order to give full effect to such order, including but not limited to providing the Depository Trust Company  ("DTC") with all necessary information and instructions to prevent any distributions being made through DTC to BlackRock."

The Trustee reserves the right to later challenge any argument raised by any party to this case or order by this Court that may adversely affect or otherwise alter any rights afforded the Trustee in the Interpleader Order.

Dated:       New York, New York
             March 20, 2014

                                    Respectfully submitted,


                                    /s/  Casey B. Howard
                                    Casey B. Howard
                                    LOCKE LORD LLP
                                    Three World Financial Center
                                    New York, New York 10281
                                    212.812.8342


**Certificate of Service**

I hereby certify that true and correct copies of the foregoing instrument were served upon all counsel of record, by electronic delivery through ECF, facsimile, and/or first class mail, on this 20th day of March, 2014.


                                    /s/ Casey B. Howard
                                    Casey B. Howard