Hearing Date and Time:  June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  June 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    (Jointly Administered)
                                                :
                                                :
                     Debtors.                   :
------------------------------------------------------------------------x
LEHMAN BROTHERS SPECIAL FINANCING INC.,         :
                                                :
                     Plaintiff,                 :
                                                :
           -against-                            :    Adversary Proceeding
                                                :    No.: 09-01032 (SCC)
BALLYROCK ABS CDO 2007-1 LIMITED; WELLS         :
FARGO BANK, N.A., as Trustee; BARCLAYS BANK,    :
PLC, as owner of beneficial interests in the Senior Notes; :
LONG ISLAND INTERNATIONAL LIMITED, as owner     :
of beneficial interests in the Senior Notes; LONG HILL    :
2006-1 LTD., as owner of beneficial interests in the Senior :
Notes; BLACKROCK MORTGAGE INVESTORS          :
MASTER FUND, L.P., as owner of beneficial interests in    :
the Senior Notes,                               :
                     Defendants.                :
------------------------------------------------------------------------x

**NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.
FOR RELEASE OF REMAINING INTERPLEADED FUNDS TO
<u>LEHMAN BROTHERS SPECIAL FINANCING INC.</u>**

PLEASE TAKE NOTICE that a hearing on the motion of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") for release of remaining interpleaded funds to Lehman Brothers Special

Financing Inc., dated June 4, 2014 (the "<u>Motion</u>"), will be held before the Honorable Shelley C.

Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard W. Slack, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the litigation subcommittee of the Official Committee of Unsecured Creditors; and (v) all counsel of record in the captioned adversary proceeding, so as to be so filed and

**Hearing Date and Time: June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

received by no later than **June 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: June 4, 2014
      New York, New York

/s/ Richard W. Slack
Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

3

Hearing Date and Time: **June 19, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
Objection Date and Time: **June 12, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                                        :
In re:                                                                  :   Chapter 11
                                                                        :   Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., et al.,                                  :   (Jointly Administered)
                                                                        :
                                Debtors.                                :
------------------------------------------------------------------------x
LEHMAN BROTHERS SPECIAL FINANCING INC.,                                 :
                                                                        :
                                Plaintiff,                              :
                                                                        :
                -against-                                               :   Adversary Proceeding
                                                                        :   No.: 09-01032 (SCC)
BALLYROCK ABS CDO 2007-1 LIMITED; WELLS                                 :
FARGO BANK, N.A., as Trustee; BARCLAYS BANK,                            :
PLC, as owner of beneficial interests in the Senior Notes;              :
LONG ISLAND INTERNATIONAL LIMITED, as owner                             :
of beneficial interests in the Senior Notes; LONG HILL                  :
2006-1 LTD., as owner of beneficial interests in the Senior             :
Notes; BLACKROCK MORTGAGE INVESTORS                                     :
MASTER FUND, L.P., as owner of beneficial interests in                  :
the Senior Notes,                                                       :
                                Defendants.                             :
------------------------------------------------------------------------x

# LEHMAN BROTHERS HOLDINGS INC.'S
# MOTION FOR RELEASE OF REMAINING INTERPLEADED
# FUNDS TO LEHMAN BROTHERS SPECIAL FINANCING INC.

## TABLE OF CONTENTS

**Page**

BACKGROUND ..................................................................................................................2

    A.    The Underlying Ballyrock Transaction ..................................................................2

    B.    This Proceeding and the Interpleaded Funds ........................................................4

    C.    The Previous Motion for the Release of Unclaimed Interpleaded Funds ..............5

    D.    The BlackRock Settlement .....................................................................................6

    E.    The Barclays Settlement .........................................................................................6

RELIEF REQUESTED .......................................................................................................7

JURISDICTION ..................................................................................................................7

THE REMAINING INTERPLEADED FUNDS
SHOULD BE RELEASED FROM INTERPLEADER ......................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Avant Petroleum, Inc. v. Banque Paribas*,
   853 F.2d 140 (2d Cir. 1988) ...................................................................................................8

*Texaco, Inc. v. Ponsoldt*,
   118 F.3d 1367 (9th Cir. 1997) ............................................................................................. 8-9

*White v. FDIC*,
   19 F.3d 249 (5th Cir. 1994) ....................................................................................................9

**Statutes**

28 U.S.C. § 157 ...............................................................................................................................7

28 U.S.C. § 1334 .............................................................................................................................7

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of Lehman Brothers Special Financing Inc. ("LBSF"), by and through its undersigned counsel, hereby brings this motion (the "Motion") for the release of all remaining Interpleaded Funds (as defined below) to LBSF, and respectfully represents as follows:

1. This adversary proceeding involves a "flip clause" dispute over hundreds of millions of dollars owed to LBSF by Ballyrock ABS CDO 2007-1 Limited ("Ballyrock"). This motion seeks to resolve a significant aspect of the litigation: the interpleader filed by Wells Fargo Bank, N.A., who serves as the Ballyrock trustee (the "Trustee"), in response to the filing of the adversary proceeding. The interpleader involved the approximately $137 million possessed by Ballyrock in February 2009, when this action was filed. After proper notice pursuant to an order of the Court, LBSF made a claim to the entire interpleader fund and two groups of noteholders – Barclays Bank, PLC and Long Island International Limited ("Barclays") and BlackRock Mortgage Investors Master Fund, L.P and Long Hill 2006-1 Ltd. ("BlackRock" and together with Barclays, the "Party Noteholders") – made claims to a portion of the interpleader funds.[1] As the Court is aware, based on a recent settlement with BlackRock, the Court released to LBSF that portion of the interpleader funds claimed by BlackRock. This motion to release the remaining interpleader funds follows a settlement, described below, with Barclays, the remaining claimant to the interpleader funds. As the claims by the only claimants

---

[1] Barclays Bank, PLC and Long Island International Limited are affiliates, as are BlackRock Mortgage Investors Master Fund, L.P and Long Hill 2006-1 Ltd.

to the interpleader funds – Barclays and BlackRock – have been completely resolved, all of the remaining funds should now be distributed to LBSF.

## BACKGROUND

### A.    The Underlying Ballyrock Transaction

2.    Ballyrock is a special purpose vehicle or SPV. Ballyrock issued rated bonds and certain equity-like securities (the "Notes") to investors ("Noteholders") and used the proceeds to purchase collateral. Ballyrock also entered into a credit default swap with LBSF pursuant to which Ballyrock agreed to pay LBSF if losses were incurred on certain underlying assets, including mortgage-backed securities (the "Swap"). In return, LBSF agreed to pay a periodic premium to Ballyrock. The parties designated LBHI as a Credit Support Provider (similar to a guarantor) to LBSF under the Swap. The collateral was to be used to pay LBSF on the Swap as well as principal and interest on the Notes.

3.    Essentially, under the Swap, LBSF purchased contractual protection that could potentially pay it hundreds of millions of dollars if there were losses with respect to the specified mortgage-backed securities, while the Noteholders stood to profit if there were few or no losses on the underlying mortgage-backed securities.

4.    Because of the performance of mortgage-backed securities, in the fall of 2008 the value to LBSF of the protection it had purchased exceeded $404 million.

5.    Commencing on September 15, 2008, LBHI and certain of its direct and indirect subsidiaries commenced in the Bankruptcy Court voluntary cases under chapter 11 of Title 11 of the Unites States Code (the "Bankruptcy Code"). LBSF commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2008.

6. Under the Swap, the bankruptcy of a party or Credit Support Provider qualifies as an Event of Default, which permits Ballyrock to exercise an early termination of the Swap. On September 16, 2008, Ballyrock purported to terminate the Swap with LBSF.

7. While the terms of the respective obligations of LBSF and Ballyrock are set forth in the Swap, the payment obligations are governed by an indenture (the "Indenture") and overseen by the Trustee. The parties were not to pay their obligations directly to one another. Instead, the ultimate payments to LBSF, on the one hand, and the Noteholders, on the other, were to flow through the Indenture, of which LBSF was an express third-party beneficiary.

8. Pursuant to the Indenture, when LBSF has a claim against Ballyrock under the Swap, *e.g.*, because a payment becomes due as a result of an early termination (an "Early Termination Payment") and the swap is "in the money" to LBSF – as it was in this case – LBSF's right to be paid its Early Termination Payment has priority over any claims of the Noteholders. That is, under the Indenture, LBSF's claim has "Senior Payment Priority" and the Noteholder's claims have "Junior Payment Priority." However upon the occurrence of an Event of Default under the Swap for which LBSF is the Defaulting Party, including a bankruptcy filing, LBSF's Senior Payment Priority is transferred or "flipped" from LBSF to the Noteholders, leaving LBSF junior to payments on the Notes (the "Payment Priority Flip").

9. As noted above, LBSF was "in the money" – by more than $404 million at the time Ballyrock purported to terminate the Swap with LBSF. Nonetheless, as a result of Ballyrock's termination in November 2008 the Trustee applied the Payment Priority Flip, liquidated the assets of Ballyrock, and distributed approximately $189 million (the "Distributed Funds") to several Noteholders. At some point at the beginning of 2009, LBSF learned that the Trustee intended to distribute the remaining $137 million to the Noteholders on February 6,

2009. According to the Trustee, after the final distribution scheduled for February 6, 2009, there would be no funds left to pay LBSF, despite the fact that it is undisputed that Ballyrock owed LBSF more than $404 million.

### B.   This Proceeding and the Interpleaded Funds

10.    On February 3, 2009, LBSF initiated this adversary proceeding by filing a complaint [ECF No. 1], which was subsequently amended [ECF No. 73], to halt any further distributions to Noteholders.[2]

11.    In its Answer and Complaint in Interpleader [ECF No. 3], the Trustee disclaimed any interest in this dispute or in the $137 million left in Ballyrock, and sought to interplead those funds (the "Interpleaded Funds"). After a hearing, the Court ordered the Trustee to provide a notice of this dispute and of the Trustee's motion for interpleader to all Noteholders. The notice was provided in accordance with the Court's order. The notice required any claimant to file a notice of appearance by May 19, 2009, or risk forfeiting claims to any funds in dispute. *See* Order Granting Preservation of Status Quo for Disputed Funds, Notice of Interpleader Request and Payment of Trustee Fees [ECF No. 18] ("Interpleader Notice Order") ¶ 2.

12.    On June 3, 2009, the Court granted the Trustee's motion for interpleader, finding that "notice . . . was due and proper, and no further notice [was] necessary under the circumstances," and that "[g]ood cause exist[ed] to grant the interpleader requested by the

---

[2] The First Amended Complaint seeks: i) a declaratory judgment that the provisions purportedly applied by the Trustee to modify LBSF's Senior Payment Priority as a result of a bankruptcy filing are unenforceable *ipso facto* clauses that inappropriately alter LBSF's interest in property in violation of sections 365(e)(1) and 541(c)(1) of Title 11 of the Bankruptcy Code and that LBSF is entitled to Senior Payment Priority; (ii) a declaratory judgment that the provisions modifying its Senior Payment Priority as a result of a bankruptcy filing operate as an unenforceable penalty and that LBSF is entitled to Senior Payment Priority; (iii) a declaratory judgment that effecting the modification of the payment priority provisions violates the automatic stay under section 362(a)(3) of the Bankruptcy Code and that LBSF is entitled to a judgment nullifying all actions taken in violation of the stay and restoring the parties to their positions immediately prior to the violation; (iv) an injunction against Ballyrock and the Trustee; and (v) alternative relief in the event that modification of the payment priority provisions are found to be enforceable in whole or in part. *See* First Am. Compl. [ECF No. 73].

Trustee." Order Granting Interpleader to Wells Fargo, N.A. for Disputed Funds [ECF No. 27] (the "<u>Interpleader Order</u>") ¶¶ A, D. The Court ordered the Trustee to maintain the Interpleaded Funds in an escrow account pending the Court's ultimate determination of "*all* . . . rights to [the Interpleaded Funds]." *Id*. ¶ 2 (emphasis added). The Court mandated: "*All* parties that claim an interest with respect to the Disputed Funds now held or to be held in the Interpleader Escrow, *shall* interplead and settle in this Court *all* claims and rights to such Disputed Funds . . . ." *Id*. ¶ 1 (emphasis added). The Court took exclusive jurisdiction with respect to the Interpleaded Funds. *Id*. ¶¶ 1-4.

13. Given its undisputed right to more than $404 million from Ballyrock, LBSF asserted its entitlement to the entirety of the $137 million in Interpleaded Funds. Barclays and BlackRock (and certain of their affiliates) were the only two Noteholders to make a claim to a portion of the Interpleaded Funds. No other person or Noteholder made a claim to the Interpleaded Funds.

14. At the time of the interpleader, the Party Noteholders collectively asserted claims to approximately $92.6 million of the $137 million in the Interpleaded Funds. No Noteholder or other person aside from LBSF made a claim to the other $44.4 million in Interpleaded Funds or the associated interest on those funds. Over time, based on information available to LBSF, the value of the Interpleaded Funds grew to over $137 million due to the accrual of interest in the escrow account containing the Interpleaded Funds.

C. **<u>The Previous Motion for the Release of Unclaimed Interpleaded Funds</u>**

15. On February 15, 2013, LBHI filed a Motion for Release of Unclaimed Interpleaded Funds [ECF No. 117] seeking the release to LBSF from escrow of the Interpleaded Funds which had not been claimed. Barclays and BlackRock filed an opposition to the motion [ECF No. 132].

16. At the May 15, 2013 omnibus hearing, the Court denied LBSF's motion without prejudice, finding that it was premature at that juncture to grant the relief requested by LBSF. May 15, 2013 Hearing Tr. at 51:6-12 [ECF No. 156]. The Court, however, expressed its willingness to consider the motion again at a later date. *See id.*

**D.    The BlackRock Settlement**

17. On March 4, 2014, LBSF and BlackRock entered into a settlement agreement and release to resolve all of their respective claims vis-à-vis one another in this proceeding (the "BlackRock Settlement").

18. To effect the settlement, LBSF and BlackRock filed a joint motion for the release to LBSF of the $23,537,291.41 in Interpleaded Funds for which only BlackRock and LBSF asserted claims (the "BlackRock Interpleaded Funds") [ECF No. 164].

19. On April 24, 2014, the Court granted LBSF and BlackRock's motion and ordered that the BlackRock Interpleaded Funds be released from the escrow account to LBSF [ECF No. 175]. Further, on May 14, 2014, LBSF and BlackRock entered into a stipulation whereby BlackRock voluntarily dismissed with prejudice, among other things, all of its claims to the Interpleader Funds [ECF No. 181].

**E.    The Barclays Settlement**

20. On May 15, 2014, LBSF entered into a settlement agreement with Barclays to with respect to, among other things, Barclays' claim to a portion of the Interpleaded Funds (the "Barclays Settlement"). As part of the settlement, LBSF agreed to purchase from Barclays all the Notes that Barclays purchased or otherwise acquired in Ballyrock. According to information from Barclays, those Notes account for claims to $103,328,707 of the Interpleaded Funds, plus the interest accrued in the escrow account associated with those claims (the "Barclays-LBSF Interpleaded Funds").

21. As a result of the Settlement with Barclays, the $103,328,707 plus interest, originally claimed by Barclays in the interpleader is now owed to LBSF – either as a Noteholder (because it now owns the Barclays notes) or as the Swap counterparty (because it is owed over $404 million).

22. Barclays has agreed that it has no opposition to this motion and also agreed to withdraw its opposition [ECF No. 132] to LBSF's prior motion seeking the release of unclaimed Interpleaded Funds.

23. Further, on May 20, 2014, just after its transfer of the Ballyrock notes to LBSF, LBSF and Barclays entered into a stipulation voluntarily dismissing with prejudice all of their claims in this proceeding, including any claims in interpleader [ECF No. 180].

**RELIEF REQUESTED**

24. By this Motion, LBSF seeks the release of all of the Interpleaded Funds currently remaining in escrow. Now that the Party Noteholders no longer make claims to the Interpleaded Funds, these funds are not subject to any competing claims in the above-captioned interpleader.

25. Accordingly, in this Motion, and for the reasons set forth more fully below, LBSF requests the immediate release of all of the remaining Interpleaded Funds to LBSF.

**JURISDICTION**

26. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**THE REMAINING INTERPLEADED FUNDS
SHOULD BE RELEASED FROM INTERPLEADER**

27. All Interpleaded Funds remaining in escrow should be released to LBSF.

28. First, LBSF is now entitled to the Barclays-LBSF Interpleaded Funds either as the owner of the Barclays notes or as the Swap counterparty. Only LBSF and Barclays made timely claims to the Barclays-LBSF Interpleaded Funds and, as a result of the Barclays Settlement, Barclays no longer asserts a claim to those funds and LBSF now owns the Notes upon which Barclays' claim to those funds was based.

29. Second, LBSF is the only party with a valid claim to the Unclaimed Interpleaded Funds. Now that BlackRock and Barclays have voluntarily dismissed their claims to the Interpleaded Funds, LBSF is the only remaining claimant in the interpleader.

30. No other Noteholder has made or can make a claim to the Barclays-LBSF Interpleaded Funds. Under well-established law, claims to any funds in interpleader are crystallized as of the moment the interpleader remedy is granted—June 3, 2009 here [ECF No. 27]—and any claims not asserted by that time are forfeited. *See Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140, 143 (2d Cir. 1988) ("A claim not existing at the time the fund was created thus could not take precedence over preexisting claims.").

31. In *Avant*, for example, the respective positions of the parties were frozen as of the date interpleader was granted despite the fact that a security interest had later been allowed to lapse, and a strict application of the UCC would have excluded the claim of the party that otherwise prevailed. The Second Circuit affirmed that the district court "did not err in focusing on the time at which the funds were deposited with the court and determining the relative rights of the parties as of that time." *Id.* at 142; *see also id.* at 143 (court determines "rights of the claimants as of the time the interpleader fund is deposited with the court"). Numerous other courts have followed the approach taken in *Avant*. *See, e.g., Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367, 1369 (9th Cir. 1997) ("We begin with the proposition that the general

purpose of an interpleader action is to decide the validity and priority of *existing claims* to a res."); *White v. FDIC*, 19 F.3d 249, 251-52 (5th Cir. 1994) (following "*ratio legis*" of *Avant*).

32. Moreover, any new claim to the Interpleaded Funds would undermine this Court's exclusive authority over the Interpleaded Funds, contravene several orders of this Court, and inequitably prejudice the parties who have relied on these orders throughout this litigation and in connection with entering into the BlackRock and Barclays Settlements. *See* Interpleader Notice Order (ordering any parties with an interest in the dispute to step forward and assert their claims); Interpleader Order (confirming exclusivity of this Court's jurisdiction and of the interpleader remedy being granted).

33. Accordingly, all Remaining Interpleaded Funds should be released from escrow and paid to LBSF.

WHEREFORE LBHI and LBSF respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 4, 2014
      New York, New York

/s/ Richard W. Slack
Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates